**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3778-22

M.G. SHERIDAN AVENUE
FAMILY LIMITED PARTNERSHIP
and MICHAEL GOLOWSKI,

      Plaintiffs-Appellants,

v.

OCEANSIDE CONTRACTING,
EDWARD D. NELSON, CENTRAL
JERSEY CONTRACTING, JAMES
THOMAS, ALL COUNTY
ENTERPRISES, INC., ERIK
RUSEK ELECTRIC, STATE OF
NEW JERSEY, WILLIAM
FERGUSON, BOROUGH OF
SEASIDE HEIGHTS, CHARLES
LASKEY, and MELISSA NELSON,

      Defendants-Respondents.

and

ALL COUNTY ENTERPRISES, INC.,

      Third-Party Plaintiff,

v.

NEW IMAGE MAINTENANCE, CO.,
and VA SIDING, INC.,

      Third-Party Defendants.

_____

      Argued September 18, 2024 – Decided October 16, 2024

      Before Judges Currier and Paganelli.

      On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0070-18.

      Craig S. Hilliard argued the cause for appellants (Stark & Stark, PC, attorneys; Craig S. Hilliard, of counsel and on the briefs; Yaritza S. Urena-Mendez, on the briefs).

      Elizabeth Merrill, Deputy Attorney General, argued the cause for respondents State of New Jersey and William Ferguson (Matthew J. Platkin, Attorney General, attorney; Sara M. Gregory, Assistant Attorney General, of counsel; Phoenix N. Meyers, Deputy Attorney General, on the brief).

      Neal A. Thakkar and James F. Sullivan argued the cause for respondents Oceanside Contracting, Edward D. Nelson, and All County Enterprises, Inc. (Sweeney & Sheehan, PC, and Leary Bride Mergner & Bongiovanni, attorneys for Oceanside Contracting and Edward D. Nelson; Sullivan and Graber, and Law Office of Linda S. Baumann, attorneys for All County Enterprises, Inc.; Denise M. Montgomery, Brian Peoples, James F. Sullivan, and Michael F. Lynch, of counsel; Neal A. Thakkar, on the joint brief).

      Michael S. Nagurka argued the cause for respondents Borough of Seaside Heights and Charles Laskey

2

(Rothstein, Mandell, Strohm, Halm and Cipriani, PA, attorneys; Michael S. Nagurka, on the brief).

Kevin B. Riordan argued the cause for respondent Melissa Nelson.

John J. Mensching argued the cause for respondents Central Jersey Contracting and James Thomas (Mensching and Lucarini, PC, attorneys; John J. Mensching, on the brief).

PER CURIAM

Plaintiffs M.G. Sheridan Avenue Family Limited Partnership (M.G. Sheridan) and Michael Golowski (Golowski) appeal from: (1) three April 28, 2023 orders dismissing with prejudice their complaint alleging defendants, State of New Jersey, William Ferguson (Ferguson); Borough of Seaside Heights (Borough); Charles Laskey (Laskey)[1]; and Melissa Nelson (M. Nelson), (Government defendants); violated plaintiffs' substantive due process rights under the New Jersey Constitution; (2) two June 9, 2023 orders dismissing with prejudice the complaint for lack of standing as to defendants, Oceanside Contracting (Oceanside); Edward Nelson (E. Nelson); Central Jersey Contracting; James Thomas; All County Enterprises, Inc. (All County); and Erik

---

[1] In the record, the name is spelled Laskey and Lasky. We have adopted the spelling from the orders' captions.

A-3778-22

Rusek Electric, (Construction defendants); and (3) a July 21, 2023 order denying plaintiffs' motion to vacate and reconsider the June 9, 2023 orders.

Since we are convinced there were no substantive due process violations, we affirm the trial court's April orders. In addition, the trial court's finding that M.G. Sheridan was transacting business in New Jersey was substantially supported by the evidence in the record. Therefore, M.G. Sheridan did not have standing to maintain a cause of action until it obtained a certificate of authority. However, we conclude M.G. Sheridan's complaint should have been dismissed without prejudice. Further, the trial court failed to state its findings of fact and conclusions of law regarding the dismissal of Golowski's complaint. Therefore, we are unable to provide meaningful review of the order dismissing Golowski's complaint. Thus, we are constrained to vacate the June orders and remand the matter for further proceedings.

I.

We glean the facts from the motion record. M.G. Sheridan was a limited partnership. Golowski was the general partner and one of four limited partners. The partnership was formed in December 2003, pursuant to the provisions of the Nevada Limited Partnership Act. According to the partnership's certificate, its business among other things, was "to hold, develop, buy, sell and lease real . . .

4

property." The partnership's principal place of business was listed as 268 Sheridan Avenue, Seaside Heights, New Jersey.

On the day of its formation, Golowski transferred, by bargain and sale deed, 268 Sheridan Avenue, Seaside Heights, New Jersey (the Property) to M.G. Sheridan. In October 2012, the Property sustained significant damage from Superstorm Sandy. Oceanside oversaw the "demolition of the first floor" and then "the razing of the existing structure." In April 2014, Oceanside submitted a permit application to commence construction of a new home. The permit was issued in May. In July 2014, Golowski and E. Nelson, on behalf of Oceanside, executed a "contract for [a] new home." The contract stated Oceanside's address in Seaside Heights, New Jersey.

Oceanside subcontracted the construction of the new home to various New Jersey based entities. The subcontractors included the Construction defendants.[23] During the course of the project M.G. Sheridan and Golowski

---

[2] Erik Rusek Electric did not participate in the appeal. The record discloses its address as Lavallette, New Jersey.

[3] Our review of the record discloses other New Jersey based contractors—(1) A-Jax Plumbing & Heating, LLC, Beachwood; (2) Jeff LaVigne, Toms River; and (3) CME Electric, Toms River—applied for permits for work on the Property at the same time however, the record is unclear if they were part of building the new home or were there for other purposes.

issued checks for payment.[4]  The payments were made to Oceanside and All County.

In July 2015, M.G. Sheridan executed an "Exclusive Right To Sell Listing Agreement" for the Property.  The agreement stated the real estate broker's address was Seaside Heights, New Jersey.  A few days later, the Borough issued a certificate of occupancy for the Property.

In 2016, Golowski "observed defects" in the home.  He initially had a contractor address some of the issues.  In addition, he demanded Oceanside "remediate" and "correct the defects," however, Oceanside refused.  Ultimately, in 2018, plaintiffs filed a complaint against the Construction defendants alleging various improprieties with the Construction defendants' use of materials and workmanship.  In its initial complaint and in all four amendments thereafter, M.G. Sheridan described itself as "a limited partnership organized and existing under the laws of the State of New Jersey."

Plaintiffs amended the complaint to name the Government defendants. Plaintiffs alleged the State assigned Ferguson to provide the Borough's Construction Office with "framing inspection" services and he failed to "confirm

---

[4]  Some checks provided M.G. Sheridan's address as its principal place of business and some provided an address in Brick, New Jersey.

A-3778-22

the framing conformed to the specifications of the approved construction drawings" and, "failed to require Oceanside to submit a certain framing checklist necessary under the New Jersey Uniform Construction Code." Plaintiffs alleged Ferguson's acts and/or omissions violated their "right to protect property" and "violate[d] the right to due process of law held by the plaintiffs under the Constitution of New Jersey."

As to the Borough and its employees, plaintiffs alleged M. Nelson's and Laskey's acts and/or omissions violated their "right to protect property" and "violate[d] the right to due process of law held by the plaintiffs under the Constitution of New Jersey." In addition, plaintiffs claimed the Borough and M. Nelson were liable because M. Nelson "deprived, interfered or attempted to interfere by threats, intimidation and/or coercion the exercise or enjoyment by plaintiffs of substantive rights and/or privileges secured by the Constitution and/or laws of the State of New Jersey" under the New Jersey Civil Rights Act (CRA).[5]

---

[5] In addition to their New Jersey constitutional claims, plaintiffs asserted claims under other theories of liability as to the Government defendants. Plaintiffs have not briefed the dismissal of those other claims and those issues are deemed abandoned on appeal. State v. Shangzhen Huang, 461 N.J. Super. 119, 125 (App. Div. 2018). In addition, plaintiffs have not briefed the trial court's conclusion that the Government defendants were entitled to New Jersey Tort

As relevant here, the Government defendants filed motions for summary judgment claiming there was no violation of plaintiffs' substantive due process rights under the New Jersey Constitution and asserted qualified immunity. In addition, the Construction defendants filed motions to dismiss the complaint because M.G. Sheridan did not have standing to maintain the lawsuit since it failed to "obtain[] a certificate of authority to transact business in this State" under N.J.S.A. 42:2A-60(a).

The trial court concluded that plaintiffs did not have a constitutional substantive due process right "to have a checklist for framing." The court noted plaintiffs were not "deprived of any opportunities. A certificate of occupancy was issued." Therefore, the court determined there was no violation of a substantive due process right. In addition, the court concluded Ferguson, Laskey, and M. Nelson were entitled to immunity, and dismissed the matters as to them.

Moreover, the court found M.G. Sheridan "clearly was transacting business . . . within the State of New Jersey," finding it "purchas[ed] New Jersey real estate and then contract[ed] with New Jersey authorized builders to build a

Claim Act (TCA), N.J.S.A. 59:1-1 to :12-3, immunities. Similarly, those issues are deemed abandoned. Ibid.

home." Therefore, since M.G. Sheridan did not have a "certificate of authority," as required under N.J.S.A. 42:2A-60(a), it could "not proceed[] in any court in this State." The court dismissed the suit with prejudice, stating its decision was "on the merits."

After obtaining the certificate of authority, plaintiffs filed motions for reconsideration and to vacate the June orders. The trial court denied the motions concluding the "interest of justice" did not require relief.[6]

On appeal, plaintiffs contend the trial court erred in granting the Government defendants summary judgment because plaintiffs had a "substantive due process property right in obtaining a certificate of occupancy." In addition, plaintiffs argue the trial court erred by: (1) finding M.G. Sheridan was transacting business in this State, and therefore was required to obtain a certificate of authority; (2) dismissing the complaint with prejudice; and (3) dismissing the complaint as to Golowski without explanation.

II.

---

[6] Plaintiffs have not briefed the trial court's denial of their motion for reconsideration, "seeking to alter or amend a judgment or final order," R. 4:49-2; or the trial court's denial of their motion for relief "from a final order or judgment." R. 4:50-1. Therefore, those issues are deemed abandoned on appeal. Shangzhen Huang, 461 N.J. Super. at 125.

We review the grant of summary judgment de novo, applying the same legal standards as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019).

> The judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.
>
> [R. 4:46-2(c).]

"The factual findings of a trial court are reviewed with substantial deference on appeal, and are not overturned if they are supported by 'adequate, substantial and credible evidence.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014) (quoting Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J. 282, 293 (2001)).

"If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" Depolink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007), certif.

10

denied, 195 N.J. 419 (2008), <u>overruled on other grounds</u>, <u>Wilson ex rel. Manzano v. City of Jersey City</u>, 209 N.J. 558, 563 (2012)).  We review issues of law de novo and accord no deference to the trial judge's conclusions of law. <u>Nicholas v. Mynster</u>, 213 N.J. 463, 478 (2013).  "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995).

Meaningful appellate review is impossible without factual findings or legal conclusions.  <u>Raspantini v. Arocho</u>, 364 N.J. Super. 528, 533 (App. Div. 2003).  <u>Rule</u> 1:7-4 requires that "[t]he [trial] court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right."  "In the absence of reasons, we are left to conjecture as to what the judge may have had in mind."  <u>Salch v. Salch</u>, 240 N.J. Super. 441, 443 (App. Div. 1990).  "[N]either the parties nor [the appellate court] are well-served by an opinion devoid of analysis . . . ."  <u>Great Atl. & Pac. Tea Co., Inc. v. Checchio</u>, 335 N.J. Super. 495, 498 (App. Div. 2000).

A.

11

"Standing is . . . a threshold issue." Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 417 (1991). "Standing, like jurisdiction, involves a threshold determination of the court's power to hear the case." Id. at 418 (citing Sherman v. British Leyland Motors, 601 F.2d, 429, 439-40 (9th Cir. 1979)). "It neither depends on nor determines the merits of a plaintiff's claim." Id. at 417 (citing Allen v. Wright, 468 U.S. 737, 750-51 (1984)). Indeed, "[s]tanding must be resolved before a court proceeds to determine the merits of a suit." Id. at 418.

"'On the merits' means that the factual issues directly involved must have been actually litigated and determined." Adelman v. BSI Fin. Servs., Inc., 453 N.J. Super. 31, 40 (App. Div. 2018) (quoting Slowinski v. Valley Nat'l Bank, 264 N.J. Super. 172, 183 (App. Div. 1993)).

When a "dismissal of [a] complaint [i]s not an adjudication on the merits, the dismissal order should . . . be[] without prejudice, not with prejudice." Egg Harbor Care Ctr. v. Scheraldi, 455 N.J. Super. 343, 355 (App. Div. 2018). "'As a general rule, a dismissal on the merits is with prejudice while a dismissal based on the court's procedural inability to consider a case is without prejudice.'" Ibid. (citing Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 4:37-2 (2018) (citing Watkins, 124 N.J. at 415-16)).

Here, applying N.J.S.A. 42:2A-60, the trial court's finding that M.G. Sheridan was "transacting business" was supported by adequate and sufficient evidence in the record.  It is undisputed that M.G. Sheridan made substantial payments to multiple New Jersey companies that were working at the property. In addition, M.G. Sheridan executed an agreement with a New Jersey real estate broker to sell the property.  Therefore, we conclude there was no error in the trial court's determination that M.G. Sheridan was "transacting business in this State" or the conclusion that it could not maintain its action "until it ha[d] obtained a certificate of authority" under N.J.S.A. 42:2A-60.

Nonetheless, thereafter, the trial court was tasked with crafting the appropriate remedy considering M.G. Sheridan's failure.  The trial court dismissed M.G. Sheridan's complaint with prejudice because the court concluded it had decided the matter "on the merits."

However, determining the merits of M.G. Sheridan's business activities, that supported a finding that it was required to obtain a "certificate of authority," was not a determination of "the factual issues directly involved." Adelman, 453 N.J. Super. at 40.  Indeed, the factual issues directly involved concerned the

allegations of defendants' wrongdoings. Therefore, we conclude the trial court erred in dismissing the complaint with prejudice.[7]

Moreover, the trial court erred in dismissing Golowski's complaint without providing any analysis. In the "absence of any factual findings or legal conclusions, meaningful review is impossible." Raspantini, 364 N.J. Super. at 533. Therefore, we are constrained to vacate the June orders.

On remand, the trial court shall issue an order dismissing M.G. Sheridan's complaint without prejudice. Defendants may make an application to the court to dismiss the complaint with prejudice, if appropriate, and the court shall consider any efforts M.G. Sheridan has made to conform with the statute. As to Golowski, the court shall provide the parties with its reasons under Rule 1:7-4 for the dismissal of his complaint.

## B.

The New Jersey Constitution declares that "[a]ll persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing,

---

[7] In construing nearly identical statutory language under N.J.S.A. 14A:13-11, the Supreme Court noted "[c]ompliance with a qualification requirement during the course of trial has been held sufficient for a plaintiff unqualified at the action's inception to avoid being precluded from maintaining suit." Materials Research Corp. v. Metron, Inc., 64 N.J. 74, 77 n.1 (1973).

and protecting property, and of pursuing and obtaining safety and happiness."

N.J. Const. art. I, ¶ 1.

Under the CRA:

> Any person who has been deprived of . . . substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.
>
> [N.J.S.A. 10:6-2(c).]

"The principle of substantive due process, founded in . . . our State Constitution, N.J. Const. art. I, ¶ 1, protects individuals from the 'arbitrary exercise of the powers of government' and 'governmental power being used for the purposes of oppression.'" Felicioni v. Admin. Office of the Courts, 404 N.J. Super. 382, 392 (App. Div. 2008), abrogated in part by Perez v. Zagami, LLC, 218 N.J. 202 (2014) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)).

"The substantive due process doctrine 'does not protect individuals from all governmental actions that infringe liberty or injure property in violation of some law.'" Rivkin v. Dover Twp. Rent Leveling Bd., 143 N.J. 352, 366 (1996) (quoting PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 31 (1st Cir. 1991)).

"Rather, substantive due process is reserved for the most egregious governmental abuses against liberty or property rights, abuses that 'shock the conscience or otherwise offend . . . judicial notions of fairness . . . [and that are] offensive to human dignity.'" Ibid. (quoting Weimer v. Amen, 870 F.2d 1400, 1405 (8th Cir. 1989)). "[T]he denial of a property right in the context of municipal governance rarely will rise to the level of a substantive due process violation." Rivkin, 143 N.J. at 366.[8]

Here, plaintiffs contend they "have a property interest in obtaining a valid and legitimate certificate of occupancy." They argue "the issu[ance] of a certificate of occupancy is intricately tied to a property owner's ability to lawfully transfer an interest in their property" and "their use and enjoyment of the property." Plaintiffs rely on cases where certificates of occupancy, Sullivan v. Salem, 805 F.2d 81 (2d. Cir. 1986); and variances were wrongfully denied, DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 600 (3d Cir. 1995); to support their contention that "if a wrongfully denied use variance constitutes a sufficient property interest for substantive due process purposes, then a

---

[8] Plaintiffs have not briefed the judge's conclusion that Ferguson, Laskey and M. Nelson had qualified immunity. See Gormley v. Wood-El, 218 N.J. 72, 113 (2014). Therefore, those issues are deemed abandoned on appeal. Shangzhen Huang, 461 N.J. Super. at 125.

16

wrongfully denied valid certificate of occupancy is also entitled to constitutional due process protection."

At its core, plaintiffs argue: (1) they had a substantive due process right to have a particular framing checklist used in the inspection for the certificate of occupancy; (2) since the checklist was not utilized, their substantive due process rights were violated; and (3) the certificate of occupancy was invalid.

We conclude plaintiffs' arguments have no merit. Initially, unlike the cases relied upon by plaintiffs, where applications for certificates of occupancy and variances were denied, here, the Borough granted the certificate of occupancy. Moreover, there was no substantive due process right in the utilization of a particular checklist. The failure to use the framing checklist could not be considered a "most egregious governmental abuse[] against liberty or property rights, [or an] abuse[] that 'shock[s] the conscience or otherwise offend[s] . . . judicial notions of fairness . . . [and that are] offensive to human dignity.'" Rivkin, 143 N.J. at 366 (sixth alteration in original). Therefore, there was no violation of plaintiffs' substantive due process rights.

To the extent we have not specifically addressed any of plaintiffs' other arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

17

The April orders are affirmed. The June orders are vacated, and the matter is remanded. The trial court shall enter an order vacating the dismissal with prejudice as to M.G. Sheridan and Golowski. On remand, the trial court shall comply with Rule 1:7-4 regarding Golowski. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

18

A-3778-22